## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 1:19CR00051 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **TERESA BLANKENSHIP BARRINGER,** | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendant. | ) |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; James B. Lees, Jr., HUNT & LEES, L.C., Charleston, West Virginia, and John Jessee, JESSEE, READ & HOWARD, PC, Abingdon, Virginia, for Defendant.*

The defendant has moved for a stay of sentence and a continuation of her release pending appeal. For the following reasons, I will deny the defendant's motion.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal. Fed. R. Crim. P. 38(b)(1). The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act. *See* Fed. R. App. P. 9(c). That Act provides, in pertinent part, that the court:

> [S]hall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a

>petition for a writ of certiorari, be detained, unless the judicial officer finds --
>
>>(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>>
>>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>>
>>>(i) reversal,
>>>
>>>(ii) an order for a new trial,
>>>
>>>(iii) a sentence that does not include a term of imprisonment, or
>>>
>>>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

While I am easily able to make the requisite finding contained in subsection (A) of § 3143(b)(1), I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B). In this context, a "substantial question" is "'a "close" question or one that very well could be decided the other way.'" *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Whether a question is substantial is decided on a case-by-case basis. *Id.*

The essential argument by the defendant supporting a finding under subsection (B) is that she is entitled to a new trial on all remaining counts of

conviction because even though the court granted an acquittal on the fraud charges (Counts Five and Six) after verdict, it refused to do so before or during trial, allowing the government to present evidence and argue those counts to the jury, thus prejudicing her right to a fair trial on the remaining counts. But as the government points out in its response to the motion, this argument is unsupported by authority or specific rationale. All of the counts, including the fraud counts, grew out of the same factual scheme and shared related evidence. Although I found that the government failed to prove a necessary element of fraud, that finding does not create a substantial question as to the validity of the other convictions.

The defendant also presents arguments attacking separately her other convictions, but I find them equally as unsubstantial.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 148, is DENIED.

ENTER: December 4, 2020

/s/ JAMES P. JONES
United States District Judge